UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 03-cr-50033 |
| VERSUS | JUDGE WALTER |
| REGAN GATTI | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The evidentiary hearing set for April 6, 2009 is postponed, with a new date to be selected at a Status Conference that will be held in chambers on **April 3, 2009** at **2:00 p.m.** One of the reasons for the postponement is the difficulty of counsel for the Government and Mr. Gatti to arrange an interview with Attorney Daryl Gold, who is expected to be a key witness at the hearing. Accordingly, **Mr. Gold is directed to attend the conference** and be available for at least one and one-half hours for an interview by counsel relevant to the issues remaining in Mr. Gatti's Section 2255 motion.

The remaining issues, as outlined in Judge Walter's ruling (Doc. 371) are: (1) counsel alluding to a "bogus theory of defense" during opening statements[1]; (2) failure to offer expert testimony regarding Larry Thompson, Sr.'s overbearing and controlling personality; (3)

---

[1] Gatti alleges that his counsel stated during opening statements that the police officers who told Gatti to get down then started firing and shot him. Counsel allegedly stated that Gatti did shoot back at the police and fled. Gatti alleges in his motion that this assertion of self-defense conflicts with the defense theory of duress and that, even after his attorney made this opening statement, his attorney advised him to testify that he did not shoot at the police officers.

failure to fully investigate Larry Thompson, Sr.'s reputation for violence and to present additional testimony concerning that reputation; and (4) representation of Gatti despite an actual conflict of interest.[2]  Gatti also asserted a claim that counsel failed to appeal an issue regarding the loss amount calculation, but that aspect of the motion has been denied with consent.  See Doc. 387.  More information about the claims can be found in Judge Walter's ruling, the Motion to Vacate (Doc. 318), and the briefs related to the motion.  See Docs. 355, 359, and 360.

      Attorney Gold should be prepared to discuss those claims with counsel at a meeting that will be held immediately follow the conference. He should bring with him all notes, files, or other materials that are needed for him to respond to questions on those topics.  If counsel for Mr. Gatti or the Government have any particular questions that Mr. Gold might not reasonably anticipate or that would benefit from advance notice, they are encouraged to send Mr. Gold a letter and notify him of any such questions.  **It is the intent of this order to ensure that the conference and interview are as productive as possible and lead to the setting of a firm hearing date so that this matter may be resolved as promptly as possible and without the expense of a formal deposition.**

---

[2]Gatti argues that his trial counsel had a conflict of interest because his counsel's firm also represented Tung Nguyen, who testified at the trial as a Government witness.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE